IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHIRLEY REID, as Administratrix of the estate of JERRY LEE REID, deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 2:05cv212-D ) WO |
| DAIMLERCHYRSLER CORP., et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

Before the court is Plaintiff Shirley Reid's Motion to Remand which is accompanied by a brief and a request made pursuant to 28 U.S.C. § 1447(c) for an award of costs, expenses and attorneys' fees. (Doc. Nos. 8-9.) Defendants DaimlerChrysler Corporation and Mark Dunning Industries filed Responses in Opposition to Plaintiff's Motion to Remand. (Doc. No. 11-12.) Construing the facts in the light most favorable to Plaintiff and having carefully considered the arguments of counsel, the submissions of the parties, and the relevant law, the court finds that Plaintiff's Motion to Remand is due to be granted, but that Plaintiff's request for an award of costs, expenses and attorneys' fees is due to be denied.[1]

---

[1] The party removing an action to federal court has the burden to establish federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Seroyer v. Pfizer, Inc., 991 F. Supp. 1308, 1312 (M.D. Ala. 1997). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." Seroyer, 991 F. Supp. at 1312 (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). In determining the propriety of removal, the court evaluates the factual allegations and controlling law in the light most favorable to the plaintiff. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

In this lawsuit which stems for an automobile accident involving Plaintiff's decedent, Plaintiff contends that complete diversity of citizenship does not exist because one of the defendants, Mark Dunning Industries, shares the same citizenship as Plaintiff.  Plaintiff, thus, asserts that removal of this case from circuit court on the basis of diversity jurisdiction was not proper.  See 28 U.S.C. §§ 1332(a)(1), 1441.  Defendants, however, argue that Mark Dunning Industries has been fraudulently joined to defeat removal.  (Doc. No. 11 at 3 at 3 & n.5.)

Having examined the allegations in the complaint, as well as the affidavits and other evidence submitted by the parties, Cabalceta, 883 F.3d at 1561, the court concludes that Defendants have not met their "heavy" burden of proving that the joinder of Mark Dunning Industries is fraudulent.  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).  A possibility exists, however slight, that Plaintiff can recover from Mark Dunning Industries in state court for negligence and/or wantonness.  See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original); Cabalceta, 883 F.2d at 1561 (Joinder is fraudulent if there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant.") (emphasis added).  The court, therefore, finds that complete diversity is absent because Plaintiff and Mark Dunning Industries both are deemed citizens of Alabama.

The court, however, declines to award Plaintiff costs, expenses or attorneys' fees, as permitted by 28 U.S.C. § 1447(c).  Although remand is warranted, the court does not find that the removing party's actions were "unreasonable" or that federal jurisdiction was "patently

lacking at the time of removal." <u>Moates v. Cargill, Inc.</u>, 2001 WL 910410, *2 (M.D. Ala. 2001) (DeMent, J.).

     Accordingly, it is CONSIDERED and ORDERED that Plaintiff's Motion to Remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c).

     The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

     It is further CONSIDERED and ORDERED that Plaintiff's request for an award of costs, expenses and attorneys' fees be and the same is hereby DENIED.

     DONE this 20th day of May, 2005.

                               /s/ Ira DeMent
                               SENIOR UNITED STATES DISTRICT JUDGE